IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY MARTIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL CASE NO.   05-408-MJR** |
| ) | |
| **ROGER WALKER, JR., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Briley and Evans' motion to dismiss for want of prosecution (Doc. No. 52). This is their second request. Their first motion, based on plaintiff's failure to file an amended pleading after receiving leave to do so, was denied (Doc. No. 48).

This time, dismissal is requested because plaintiff failed to appear for his scheduled deposition. Sanctions, including dismissal, may be entered against a party who fails to appear for his or her deposition. Fed. Civ. P. 37(d).

The materials submitted show that defense counsel sent plaintiff notice on May 18, 2006, that his deposition was scheduled for June 1, 2006. Plaintiff failed to attend his deposition, failed to contact defense counsel or make any effort to reschedule his deposition, failed to respond to defendant's motion to dismiss, and failed to respond to the Court's order directing plaintiff to show cause why this case should not be dismissed for want of prosecution. Under these circumstances, the Court may infer plaintiff's disinterest in prosecuting his claims and remedy his dilatory conduct by dismissing this case for want of prosecution. *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000).

IT IS RECOMMENDED that defendants' motion (Doc. No. 52) be GRANTED. This action should be DISMISSED for lack of prosecution.

SUBMITTED:   August 4, 2006  .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**